354

## CASEY et al. v. AMERICAN CIVIL LIBERTIES UNION et al.

### No. 6401.

Circuit Court of Appeals, Third Circuit.

Dec. 13, 1938.

BIGGS, Circuit Judge, dissenting in part.

James A. Hamill, of Jersey City, N. J. (Joseph C. Glavin, of Jersey City, N. J., of counsel), for appellants.

Abraham J. Isserman, of Newark, N. J. (Arthur Garfield Hays, of New York City, Abraham J. Isserman, of Newark, N. J., Edward J. Malament and Julius J. Rosenberg, both of New York City, and Sol D. Kapelsohn, of Newark, N. J., of counsel), for appellees.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a preliminary injunction entered by the District Court which, among other things, restrained the appellants from interfering with the appellees while engaged in picketing.

The picketing with which the appellants are alleged to have interfered was carried on by Local No. 654 of Brooklyn, New York, of the Boot and Shoe Workers Union at the plant of the Uneeda Slipper Corporation at No. 26 Exchange Place, Jersey City, N. J., and also by Local No. 76-B of the Upholsterers, Carpet and Linoleum Mechanics International Union of North America at the plant of the Pacific Parlor Frame Company at No. 18 Whiton Street, Jersey City, New Jersey.

Since the injunction was issued, the Uneeda Slipper Corporation has filed a voluntary petition in bankruptcy (District Court Docket No. 27,469), has discontinued all operations and is out of business. The Pacific Parlor Frame Company and Local No. 76-B have entered into a contract agreeably settling the differences between them and the appellees are no longer interested in picketing the company.

Consequently the questions have become moot, and, on the authority of Leader et al. v. Apex Hosiery Co., 302 U.S. 656, 58 S. Ct. 362, 82 L.Ed. 508, the cause is remanded to the District Court with directions to vacate the injunction and dismiss the bill of complaint.

BIGGS, Circuit Judge (dissenting, but concurring in part).

The record in this cause fully supports the findings of fact and conclusions of law of the learned trial judge. From the record it appears that the appellants did in fact deprive the individual appellees named in the injunction, of privileges and immunities guaranteed to them by the Fourteenth Amendment to the Constitution of the United States, U.S.C.A.Const. Amend. 14. The injunction pendente lite, filed upon March 15, 1937 and stayed by this court, was therefore providently issued.

The injunction is divided into eight parts, the first two of which prohibit police interference with peaceful picketing in Jersey City. The questions presented for our consideration by these parts of the injunction are moot for the reasons stated in the majority opinion of the court.

The remaining portions of the injunction, however, protect fundamental rights of citizens under the Constitution, and though the acts of the appellants complained of grew out of activities by the appellees on behalf of labor unions in labor disputes which are now at end, it is not

clear that the questions raised by these clauses of the injunction are in fact moot.

In my opinion, therefore, the appeal should be dismissed and the cause remanded to the court below with directions to amend the decree of injunction by striking therefrom clauses A and B, but with the further specific instruction that the remaining clauses of the injunction shall remain in force and effect until it be determined by the trial court upon final hearing or otherwise that all the questions raised by the bill of complaint have become moot.